IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jim Washington, | ) | Case No. 2:20-cv-953-RMG |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Trident Medical Center, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 21) recommending that this Court dismiss Plaintiff Jim Washington's Seconded Amended Complaint with prejudice and without issuance and service of process. Also before the Court are motions by Plaintiff for (1) certification of interlocutory appeal and for (2) a stay of this case pending such an appeal. (Dkt. No. 25). For the reasons set forth below, the Court adopts the R&R as the order of the Court, dismisses Plaintiff's Second Amended Complaint with prejudice, denies Plaintiff's motion for interlocutory appeal, and denies Plaintiff's motion to stay.

**I. Background and Relevant Facts**

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights to procedural due process and equal protection of the law under the Fourteenth Amendment. As the Magistrate Judge succinctly stated, the Seconded Amended Complaint ("SAC")—which centers around an underlying medical malpractice case initially filed in 2015 by Plaintiff—is best summarized as follows: "Defendant['s] attorneys had a meeting of the mind with each state court officials in

-1-

their individual capacities to conspire against Plaintiff to act under color of law of state laws as set forth herein at each stages of the Court proceedings to arbitrarily invoke the rules, policies, practices, procedures, statutes and customs of State of South Carolina as set forth herein for no rational or legitimate reason but solely for the purpose to cover-up all evidence that would entitle Plaintiff to relief from judgment with intent to discriminate against Plaintiff to treat him unequally to prevent him from enjoying his constitutional rights to equal protection and due process of law." (Dkt. No. 21 at 7) (citing Dkt. No. 19 at 4 (errors in original)).

Plaintiff filed his complaint on March 5, 2020. The Magistrate Judge issued a proper form order to Plaintiff on March 18, 2020. (Dkt. No. 6). Plaintiff filed an amended complaint on April 10, 2020. (Dkt. No. 12). On November 4, 2020, Plaintiff moved to amend his complaint. (Dkt. No. 16). The Court granted Plaintiff's motion, (Dkt. No. 17), and Plaintiff subsequently filed the SAC on November 11, 2020, (Dkt. No. 19).

On January 6, 2021, Plaintiff filed motions for (1) certification of interlocutory appeal and (2) a stay pending appellate review of the order granting interlocutory appeal. (Dkt. No. 25). "With respect to certification, Plaintiff identif[ies] as a controlling question of law whether he has met the sufficient plausibility standard of *Ashcroft v. Iqbal* and *Bell Atl. Corp. v. Twombly*." (*Id.* at 6). Plaintiff also seeks certification as to "whether the Rooker-Feldman doctrines bars" Plaintiff's claims. (*Id.* at 7).

On January 11, 2021, the Magistrate Judge issued an R&R recommending the SAC be dismissed with prejudice. (Dkt. No. 21). On January 25, 2021, Plaintiff filed objections to the R&R. (Dkt. No. 26).

**II. Legal Standards**

    a. *Pro Se* **Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Plaintiff filed objections to the R&R, so it is reviewed *de novo*.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's SAC should be dismissed with prejudice. Namely, the Magistrate Judge correctly determined that Plaintiff has failed to allege plausibly a claim for civil conspiracy under either 42 U.S.C. § 1983 or 42 U.S.C. § 1985(3). *See* (Dkt. No. 21 at 9-10)

(explaining that the SAC's allegations that Defendant's attorneys' committed "extrinsic" fraud on the state court hearing Plaintiff's case "fatally undermines" the allegation that Defendant's attorneys *conspired* with court officials to deny Plaintiff his constitutional rights); *see also* (*Id.* at 10-12) (rejecting as "untenable" Plaintiff's contention that the state court's adverse rulings against Plaintiff constitute over acts in furtherance of a conspiracy with Defendant because, to find otherwise, would "deem plausible the idea that each of the state court judges involved in Plaintiff's underlying malpractice action independently rendered their respective judicial determinations in favor of Defendant, based not on their legal analyses of the case, but rather, on their participation in a clandestine conspiracy with Defendant"). Plaintiff filed objections to the R&R and the Court addresses them below.

The Court overrules Plaintiff's objections. (Dkt. No. 26 at 5-15). While numerous, Plaintiff's objections merely repeat the SAC's allegations and argue that these allegations successfully state various claims despite their conclusory nature. *See, e.g.*, (*Id.* at 5-6).[1] In sum, Plaintiff's objections are non-specific as they are "unrelated to the dispositive portions of the

---

[1] Plaintiff also argues that the Magistrate Judge incorrectly construed the SAC's "class of one" equal protection claim as a statutory claim under 42 U.S.C. § 1985(3). (Dkt. No. 26 at 9) ("Despite Plaintiff explicit notice on page 21 of his [SAC] that his cause of action is based under a class of one theory the magistrate judge R&R on pages 12-14 misconstrue Plaintiff class of one equal protection into a 24 U.S.C. statute 1985(3) class-based" claim) (errors in original). Assuming without finding that the Magistrate Judge incorrectly construed Plaintiff's "class of one" claim, the Court finds the error harmless. Plaintiff's "class of one" equal protection claim fails for many of the same reasons Plaintiff's § 1983 claim fails. For example, as noted by the Magistrate Judge in the R&R, Plaintiff has not allegedly plausibly that Defendant—a private entity—acted under color of state law. For this reason alone, Plaintiff's class of one claim fails. *See Cainhoy Athletic Soccer Club v. Town of Mount Pleasant*, 225 F. Supp. 3d 514, 524 (D.S.C. 2016) (noting "[a] [§ 1983] plaintiff must allege a deprivation of a federal right and must allege that the person who deprived plaintiff of that right acted under color of state law); *Id.* (noting"[a] single plaintiff may bring an equal protection claim as a 'class of one, where the plaintiff alleges that she has been intentionally treated differently from others similarly situated [by a government actor] and that there is no rational basis for the difference in treatment'") (*Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)).

Report, or merely restate Plaintiff's claims" and the Court will not discuss them further. *Lester v. Michael Henthorne of Littler Mendleson PC*, No. CV 3:14-3625-TMC, 2014 WL 11531106, at *1 (D.S.C. Oct. 28, 2014), *aff'd sub nom. Lester v. Michael Henthorne of Littler Mendelson PC*, 593 F. App'x 239 (4th Cir. 2015).

Further, to the extent that Plaintiff asks this Court to certify an "interlocutory appeal" and to "stay" this case pending that appeal, the Court denies the request. Pursuant to 28 U.S.C. § 1292(b), when a district judge is of the opinion that an "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." The Court of Appeals may then, at its discretion, permit an interlocutory appeal after an appropriate application is made. Here, Plaintiff is attempting to use the interlocutory appeal mechanism to test whether the SAC states plausible claims for relief. (Dkt. No. 25 at 6-7). This is a patently improper use of § 1292(b). At bottom, Plaintiff is attempting to subvert this Court's review of his complaint as mandated by 28 U.S.C. § 1915(e)(2)(B) and the Court rejects the effort. *See Nagy v. FMC Butner*, 376 F.3d 252, 256 (4th Cir. 2004) (explaining that the granting of *in forma pauperis* status in a case triggers a district court's duty to "sift out claims that Congress found not to warrant extended judicial treatment").

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 21) as the order of Court, **DISMISSES** Plaintiff's SAC **WITH PREJUDICE**, **DENIES** Plaintiff's motion for certification of interlocutory appeal and **DENIES** Plaintiff's motion to stay (Dkt. No. 25).

**AND IT IS SO ORDERED.**

                                  <u>s/ Richard Mark Gergel</u>  
                                  United States District Court Judge

January 28, 2021  
Charleston, South Carolina