**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Jim Washington, ) | Civil Action No. 2:20-00953-RMG |
| )  Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Trident Medical Center, LLC ) | |
| )  Defendant. ) | |

Before the Court is Plaintiff's motion for reconsideration, (Dkt. No. 32). Plaintiff's motion is denied.

On January 28, 2021, the Court dismissed Plaintiff's Seconded Amended Complaint with prejudice, denied Plaintiff's motion for certification of interlocutory appeal and denied Plaintiff's motion to stay. *See* Order and Opinion, (Dkt. No. 28) (adopting the Report and Recommendation of the Magistrate Judge, (Dkt. No. 21), recommending this action dismissed with prejudice).

Plaintiff now moves the Court to reconsider in whole its prior order and opinion. Rule 59(e) of the Federal Rules of Civil Procedure permits a party to move to alter or amend a judgment within twenty-eight days of the judgment's entry. Fed. R. Civ. P. 59(e). "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994) (internal quotation marks omitted). However, "[a] Rule 59(e) motion should not be used as an opportunity to rehash issues already ruled upon because a litigant is displeased with the result." *Cooper v.*

-2-

*Spartanburg Sch. Dist. Seven*, No. 7:13-CV-00991-JMC, 2016 WL 7474380, at *2 (D.S.C. Dec. 29, 2016), *aff'd sub nom. Cooper v. Spartanburg Cty. Sch. Dist. No 7*, 693 F. App'x 218 (4th Cir. 2017) (citations omitted).

Plaintiff has not identified any change in controlling law or any new evidence not previously available. Instead, Plaintiff argues that that the Court's ruling was in clear error. Plaintiff's arguments, however, rehash those he already presented to this Court and which this Court analyzed and rejected. The ruling to dismiss Plaintiff's Second Amended Complaint was not a clear error of law nor was it manifestly unjust. Nor was the Court's ruling to deny Plaintiff's motion for interlocutory appeal and a stay pending that appeal.

Accordingly, there is no basis to reconsider the Court's prior order and opinion dismissing this case. The Court **DENIES** the motion for reconsideration. (Dkt. No. 32).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Judge

February 16, 2021
Charleston, South Carolina